**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REBECCA LEE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1718**<br>**C/W 20-1876** |
| **KHALIL BRICE, ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are defendants' "Motion for Partial Summary Judgment Regarding Exemplary Damages" (Rec. Doc. 36), plaintiffs' opposition (Rec. Doc. 37), defendants' reply (Rec. Doc. 44) and plaintiffs' sur-reply (Rec. Doc. 45). For the foregoing reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 36) is **DENIED**.

## FACTS OF THE CASE AND PROCEDURAL HISTORY

This dispute arises from a personal injury action resulting in the death of plaintiffs' father Ricky Lee ("Lee"). Rec. Doc. 1. On May 27, 2019, defendant Khalil Brice ("Brice") was operating a doughnut delivery box truck along Airline Highway in Metairie, Louisiana, toward the intersection at Severn and Shrewsbury Road. Rec. Doc. 36-1 at 1. Brice merged from the center Orleans Parish-bound lane to the right lane, intending to access the upcoming ramp onto the elevated Causeway roundabout. *Id.* About the same time, Lee was walking across Airline Highway from the Shell gas station on the northside toward the Texas Motel on the southside. *Id.* When Brice merged into the right lane, he claimed that Lee "appeared out of nowhere" and attempted to swerve left to avoid

1

impact. *Id.* at 2. Brice's attempts were futile as Lee was struck by the bumper of the box truck and sustained fatal injuries. *Id.*

Louisiana State Trooper Qualyndrea Jones ("Jones"), who was the lead investigating officer, arrived at the scene. *Id.* at 2. After personally speaking with and conducting standard field sobriety and breath tests on Brice, Jones did not detect any major signs of impairment. *Id.* Jones testified that she observed Jones to have a "faint maximum deviation of the eyes" (i.e., shaking of the eyes) and physical loss of balance but associated such signs with trauma related to the crash. *Id.* When Jones spoke with Brice, Jones further testified that Brice was able to recount the accident and that she did not detect an odor of marijuana on him. *Id.* at 3.

Meanwhile, Trooper Mason Davis ("Davis") conducted a drug influence evaluation on Brice and concluded that Brice was under the influence of both Central Nervous System Depressants and Cannabis, which rendered him unable to operate a vehicle safely. *Id.* Based on Davis's findings, Jones was instructed to place Brice under arrest for vehicular homicide pursuant to Louisiana Revised Statute 14:32.1 to which Jefferson Parish District Court Commissioner Paul Schneider refused for lack of probable cause to arrest. *Id.*

On May 6, 2020, Lee's children Rebecca Lee, Cheryl Lee, Kristen Lee Serpas, and Cori Lee (collectively "plaintiffs") filed a wrongful death and survival action in the 24th Judicial District

Court for the Parish of Jefferson, State of Louisiana against defendants Brice, TDP Bakery Houston LLC, and Liberty Mutual Insurance Company (collectively "defendants").[1] Rec. Doc. 1-3. On June 15, 2020, defendants removed the action to this Court based on diversity jurisdiction.[2] Rec. Doc. 1 at 3.

On March 16, 2021, defendants filed a motion for partial summary judgment, generally arguing that Davis's testimony and findings were insufficient to establish impairment and entitlement to exemplary damages under Louisiana Civil Code article 2315.4. Rec. Doc. 36-1 at 7-10. Per defendants, Davis's "less than definitive" findings and the fact that the commissioner afforded little weight to Davis's opinion do not support a finding of impairment. *Id.* at 10.

On March 22, 2021, plaintiffs timely opposed the motion for partial summary judgment. Rec. Doc. 37. Plaintiffs assert that Davis's evaluation that Brice was unable to safely operate a motor vehicle at the time of the accident was based on his training as a certified Drug Recognition Expert (DRE) and should be considered reliable. *Id.* at 3. Accordingly, plaintiffs argue that exemplary damages are proper in this case based on Brice's admission to ingesting marijuana the day before the incident, the blood test

---

[1] Kelsey Lee, who is also a daughter of the decedent, filed a separate action that was later removed and consolidated to the instant matter. Rec. Doc. 18.
[2] Defendant Doughnut Peddler LLC was added as a party to the suit as the owner of defendant TDP Bakery Houston LLC. Rec. Doc. 1 at 3.

results revealing the same, and Davis's findings that Brice demonstrated signs of impairment. *Id.* at 9. Plaintiffs further allege that Jones's testimony should be disregarded as biased. *Id.* at 10. According to plaintiffs, Jones's bias can be demonstrated by Jones's attempt to dissuade the decedent's daughter from pursuing criminal charges against Brice because it may negatively impact his football career. *Id.* at 7-8.

On April 1, 2021, defendants were granted leave to file a reply. Rec. Doc. 44. Defendants argue that plaintiffs' efforts to buttress Davis's testimony invite a *Daubert* inquiry, which should lead the Court to conclude that Davis's findings do not qualify as *Daubert*-expert testimony. *Id.* at 4. Specifically, defendants contend that Davis does not submit any scientific studies that would support the methodology he used to ascertain the presence of impairment. *Id.* As such, defendants assert that Davis's mere observations are insufficient to create a genuine issue of material fact in view of the testimony by toxicologist Dr. William J. George, Ph.D., who found that the toxicology report reflected no Central Nervous System Depressants and only inactive metabolites of marijuana. *Id.*

Also, on April 1, 2021, plaintiffs were granted leave to file a sur-reply, asserting that an extensive analysis of Davis's findings and methodology is unnecessary absent any filing of a *Daubert* motion. Rec. Doc. 45 at 1. Moreover, plaintiffs contend

4

that Davis's personal observations and qualified evaluation of Brice's impairment that are further corroborated by Brice's admission of consuming marijuana the day prior present a genuine issue of material fact. *Id.*

**LAW AND ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the

movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

In general, Louisiana has a public policy opposing punitive damages. *Ross v. Conoco, Inc.*, 02-0299 (La. 10/15/02), 828 So.2d 546, 555. However, pursuant to Civil Code article 2315.4, courts may award "exemplary damages" to the plaintiff "upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." *See* La. Civ. Code art. 2315.4. To establish a claim for exemplary damages, the plaintiff must demonstrate:

> (1) that the defendant was intoxicated or [ingested a sufficient quantity of a controlled dangerous substance] to make him lose normal control of his mental and physical faculties; (2) that the intoxication was a cause-in-fact of the resulting injuries; and (3) that the injuries were caused by the defendant's wanton or reckless disregard for the rights and safety of others.

*Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc.*, 2019-0478 (La. 5/20/19), 271 So.3d 190, 192 (per curiam). "In order to prove

that a person is incapable of operating a motor vehicle by reason of intoxication, it need not be shown that he was drunk, but only that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties." *Levet v. Calais & Sons, Inc.*, 514 So.2d 153, 159 (La.App. 5 Cir. 1987).

In *Stephenson*, the plaintiff sought to establish that the defendant's intoxication at the time of the collision by solely relying on plaintiff's own testimony where he recalled that the defendant was "nervous, sweaty, and had 'droopy eyes'." *Stephenson*, 271 So.3d at 192. Noting the plaintiff admittedly did not assume the defendant was intoxicated because he neither smelled of alcohol nor was his speech impaired, the defendant argued that his nervousness, sweatiness, and droopy eyes "do[ ] not exclude other reasonable explanations for such symptoms other than intoxication." *Id.* The Louisiana Supreme Court agreed with the defendant and granted his motion for partial summary judgment because plaintiff could not provide factual support that the defendant was intoxicated at the time of the accident. *Id.* at 193; *cf. Lacoste v. Crochet*, 1999-0602 (La.App. 4 Cir. 1/5/00), 751 So.2d 998, 1004 (finding that trial testimony by all three plaintiffs was uncontroverted and consistent, recalling that the defendant was stumbling, glassy-eyed, smelled of alcohol, borderline incontinent, did not want the police called, and fled the scene).

7

While Louisiana courts have traditionally analyzed impairment by alcohol intoxication to determine whether exemplary damages are proper, intoxication by controlled substances still requires the same fact-intensive inquiry. *See Rachal v. Brouillette*, 2012-794 (La.App. 3 Cir. 3/13/13), 111 So.3d 1137. In *Rachal*, the Louisiana Third Circuit affirmed the jury's award of exemplary damages because the evidence unequivocally showed that defendant's ability to drive was grossly impaired after ingesting marijuana and hydrocodone within six to twelve hours before the accident. *Id.* at 1145. In addition to the defendant's admission that he was impaired, a toxicologist testified at trial that the level of narcotics in his blood "was sufficient to produce the effects of decreased reaction time, sedation, inattention, blood peripheral vision, and drowsiness." *Id.*

Defendants argue that the testimony and findings of Trooper Davis are insufficient to establish Brice's impairment at the time of the incident. Rec. Doc. 36-1 at 10. Defendants urge the Court to disregard Davis's evaluation in view of the conflicting toxicology results and first-hand account by Trooper Jones as well as the commissioner's declination to adopt Davis's findings. *Id.*

Defendants offer the deposition transcript of Jones, who testified that Brice did not appear impaired because he did not have an odor, bloodshot or glassy eyes, or slurred speech. Rec. Doc. 36-5 at 21-22. Jones further testified that she observed that

8

Brice was imbalanced and had a faint maximum deviation in his eyes but associated such signs with aftershock of the crash. *Id.* at 22. Defendants also offer the affidavit of toxicologist Dr. William George, who reviewed, among other things, Brice's blood test reflecting the presence of THCCOOH. Rec. Doc. 36-7 at 6-7. George testified that THCCOOH is an inactive metabolite of THC whereas THC is the active component of marijuana, which was reportedly not found in Brice's blood specimen. *Id.* While acknowledging that Brice used marijuana at least twelve hours prior to the accident, George concluded that the reported cannabinoid level in Brice's blood would not render him impaired by marijuana. *Id.* at 7.

Plaintiffs purport that there is sufficient evidence to establish Brice's intoxication at the time of the accident, namely Davis's evaluation, the positive finding of cannabis in Brice's blood, and Brice's admission to smoking marijuana the day before the accident. Rec. Doc. 37 at 9; Rec. Doc. 37-2 at 2-3. As such, plaintiffs offer the deposition transcript of Davis, who testified that he conducted several tests on Brice after the accident and observed indicators of impairment by cannabis ingestion. Rec. Doc. 37-3 at 6-10. Davis testified that these signs included imbalance, inability to consistently perform the "finger to nose" test, droopy eyelids, eyelid tremors, reaction to light, and a green coating on his tongue. *Id.*

Like *Stephenson*, Brice's physical characteristics immediately after the collision, such as droopy eyes and shaking, are not exclusively associated with intoxication. However, unlike *Stephenson* wherein the plaintiff only offered his own observations of the defendant's demeanor, the plaintiffs herein presented sufficient evidence that would permit a fact finder to conclude that Brice's ability to safely operate a motor vehicle was impaired at the time of the accident. Further, because "credibility determinations have no place in summary judgment proceedings," we will not consider the parties' arguments regarding the credibility of the attached testimony or the motives of the deponents and affiant. *See Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994)("The district court chose to believe the defendants' evidence over the plaintiffs' and that was error. The non-movants' summary judgment evidence must be taken as true."); Rec. Doc. 37 at 7-8; Rec. Doc. 45 at 2-3. Therefore, viewing the evidence in the light most favorable to the plaintiffs, summary judgment cannot be granted because a genuine issue of material fact exists as to whether the defendant driver was intoxicated.

New Orleans, Louisiana this 30th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE